ANNA MAE SHORT, Claimant, *v.* STATE OF NEW YORK.

Claim No. 15837.

(State of New York, Court of Claims, December, 1919.)

Negligence — contributory — when claim for damages dismissed — highways — evidence.

While claimant with others was proceeding on a dark night along a highway maintained by the state, in an automobile owned and driven by her husband, the car ran into an excavation about seven feet distant from the edge of the macadam pavement, which excavation had been left by a state contractor after taking a quantity of gravel from land adjoining the highway. Upon the hearing of a claim for damages to the car and to the clothing of claimant and her husband, evidence was given tending to support a claim that the car was being driven partly upon the macadam and partly upon the earth shoulder, until it arrived at a point directly opposite the excavation, when, due to the softness of the earth shoulder, the effect of the rains and the nearness of the side of the excavation, the soft earth of the shoulder gave way, causing the car to slide off into the excavation. The evidence for the state, corroborated by the driver of the car, tended to show that the

car started to leave the macadam at a point about two hundred . feet easterly from the excavation and gradually bearing off to the north, until at the easterly end of the excavation it ran directly into it. *Held,* that as the accident would not have happened had the driver confined himself to that part of the highway prepared and intended for travel, it was caused by his negligence and the claim should be dismissed upon the merits.

CLAIM for damages upon highway.

Elijah T. Russell, for claimant.

Charles D. Newton, attorney-general, A. A. Armitage, deputy attorney-general, for state.

SMITH, J.   This claim was originally filed by H. Jackman Short, as claimant, after which it was assigned to his wife, Anna Mae Short, who has been by order of the court substituted as claimant.

The claim is for damages to an automobile and clothing of H. Jackman Short and his wife, on December 24, 1918, caused by an automobile owned and driven by the said H. Jackman Short falling into an excavation within the bounds of a highway in the county of Dutchess, known as the Millbrook-Lithgow road, which highway is a county highway and at the time of the accident was and for some time previous thereto had been maintained by the state under the patrol system.

This highway as constructed by the state consisted of a paved macadam roadway sixteen feet wide with shoulders seven feet wide on either side constructed of earth, the shoulders sloping down from the level of the paved roadway to the level of the adjoining lands.   Something more than a year prior to the time of the accident a state contractor engaged in the work of resurfacing a portion of this highway had exca-

vated a quantity of gravel from the land adjoining
the highway, leaving an excavation or borrow pit, the
extreme length of which, parallel with the highway,
was about thirty-five feet, and the extreme width of
which, perpendicular to the highway, was about eight
feet, and its depth at its deepest point was about two
feet below the level of the adjacent lands. The nearest
edge of this excavation was seven feet distant from
the edge of the macadam pavement. The highway
extended generally east and west, the excavation being
on its northerly side. In the daytime this excavation
was plainly observable to one driving along the high-
way, and on days immediately prior to the accident
claimant had driven over the road and had passed the
excavation at least eight times.

On the evening of December twenty-fourth, as the
original claimant H. Jackman Short was driving an
automobile in a westerly direction along this highway,
the automobile ran into this excavation and it and
the clothing of claimant and his wife were damaged
to the extent, as proven upon the trial, of $441.80.
It is claimed that the state was negligent in permit-
ting this excavation to remain unguarded by a railing
or other barrier, which negligence it is claimed was
the cause of the accident and consequent damage.

It was conceded upon the trial that the night of
the accident was a dark, rainy night and that imme-
diately prior to the time when claimant's automobile
was projected into the excavation another automobile
traveling in the opposite direction with bright blinding
headlights had passed and that because of the bright
lights of the opposing automobile it was impossible
for the occupants of claimant's automobile to see the
road immediately ahead of them.

The original claimant, who was driving the automo-
bile at the time of the accident, did not testify as a

Court of Claims, December, 1919. [Vol. 109.

witness upon the trial, being absent from the state at the time for personal reasons; and the evidence in support of the claim was given by the wife of the original claimant, now the present claimant, and by the other occupants of the automobile.

The claim as originally filed and verified by the driver of the automobile alleged " that claimant was driving his car along said highway on the evening of the date aforesaid and without any fault or negligence of his own and while attempting to pass another automobile proceeding in the opposite direction, ran into said hole with the result as above alleged." Upon the trial, however, the claim that the automobile was driven into the excavation was abandoned and evidence given tending to support a claim that the automobile was driving partly upon the macadam and partly upon the earth shoulder until it arrived at a point directly opposite the excavation, when, due to the softness of the earth shoulder, the effect of the rains and the nearness of the side of the excavation, the soft earth of the shoulder gave way, causing the automobile to slip or slide off into the excavation.

Evidence produced by the state tended to prove that claimant's automobile started to leave the macadam pavement of the highway at a point about 200 feet easterly from the excavation and gradually bearing off to the north until at the easterly end of the excavation it ran directly into it; and witnesses testified to tracks in the soft earth of the shoulder and the side of the road showing that course to be the one taken by the automobile. This evidence is in harmony with the allegation in the claim above quoted, which, as stated, was verified by the driver of the car; and upon all of the evidence we find as a fact is the manner in which the accident happened. Upon this state of facts we cannot find that the state was negli-

gent. Had the driver of the automobile confined himself to that portion of the highway prepared and intended for travel the accident would not have happened. As was stated in *Flansburg* v. *Town of Elbridge,* 205 N. Y. 423, 429: " It is a matter of common intelligence, as well as of law, that a reasonably safe condition of a highway for the travel to which it is subject is all that is practicable and that adjoining roadways fitted and intended for use are spaces in the highways unsuitable and dangerous for travel. Highway authorities are not under the duty of obstructing travelers from straying into those spaces." If the driver of this automobile was so blinded by the headlights of the opposing car so that he could not see the road upon which he was traveling for a reasonably safe distance ahead, ordinary prudence and care for his own safety require of him that he stop until the opposing car had passed. Also, if the headlights upon his own car were lighted and in such condition as to reasonably perform the function for which they were intended, he would have been able to see this excavation if he had looked and were traveling at a safe rate of speed under the circumstances in time to avoid running into it. The accident happening in the manner in which we have found it occurred was caused by the negligence of the driver of the car and not by any negligence on the part of the state; and this claim should be dismissed upon the merits.

Ackerson, P. J., concurs.

Claim dismissed.